## ADAMS v. SHEMWELL. (No. 1807.)

(Court of Civil Appeals of Texas. El Paso.
Oct. 22, 1925.)

Evidence ⬤⟹185(7) — Secondary evidence of contents of letter admissible without notice to produce, where petition gives notice that correspondence would be used to prove contract.

In action to recover on contract of employment, entered into by correspondence, secondary evidence of contents of letter written by plaintiff employé to defendant employer was admissible without previous formal notice to produce original, as petition put defendant upon notice that the correspondence would be used to prove contract.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Action by S. L. Shemwell against Geo. W. Adams. From a judgment for plaintiff, defendant appeals. Affirmed.

W. H. Fryer and R. E. Cunningham, both of El Paso, for appellant.

McBroom & Scott, of El Paso, for appellee.

HIGGINS, J. Shemwell sued Adams, setting up a contract of employment entered into by correspondence, that he was employed to handle defendant's accounting department and sell lumber, defendant agreeing to pay a salary of $150 per month. The suit was for a balance of $383.78 alleged to be due upon commissions earned. It was alleged that he worked in the capacity stated from June 15, 1924, to November 1, 1924, when he ceased to have charge of the accounting department, but continued in defendant's employment, checking accounts, buying, and selling.

Defendant answered by exceptions, general denial, and a special answer admitting the contract of employment as alleged by plaintiff, except that the employment was to keep books instead of handling the accounting department, and that later, by agreement, the contract of employment was changed whereby plaintiff was to only sell lumber and get a salary. In another paragraph of his answer the defendant again admitted the contract of employment to have been made as alleged by the plaintiff, with the exception stated above, and averred a breach of the contract by the plaintiff's failure to discharge the duties of his employment in failing to either keep the books or handle the accounting department.

As we view the appeal, the various assignments and propositions submitted call for no extended discussion and our conclusions controlling the same will be but briefly stated:

(1) The petition was not subject to the special exceptions directed against it.

(2) Secondary evidence of the contents of the letter written by plaintiff to defendant was admissible without previous formal notice to produce the original because the plaintiff's petition put the defendant upon notice that the correspondence between the parties would be used to prove the contract sued upon. Givens v. Turner (Tex. Civ. App.) 225 S. W. 403.

(3) The verdict is supported by the evidence.

(4) The agreed statement of facts shows that the defendant was permitted to testify to his version of the subsequent new contract made between the parties. For this reason the ruling upon evidence complained of in the fifth assignment presents no error.

(5) In view of the admissions in the defendant's answer and the court's qualification to bill of exception No. 9, the matter complained of in the sixth assignment presents no error.

Affirmed..